UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG TROUNG,<br><br>         Plaintiff,<br><br>    v.<br><br>JEFF MACOMBER,<br><br>         Defendant. | No. 2:14-cv-1590-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING COMPLAINT WITH LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff has filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

**I.    Request to Proceed In Forma Pauperis**

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directed the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

/////

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.  Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  *Twombly*, 550 U.S. at 555-557.  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

### III. Screening Order

Plaintiff claims that two unknown "Doe" defendants were responsible for transporting him by bus between two prisons. He claims that the reckless driving of Doe defendant 1 caused them to get into an accident with another car. Plaintiff claims he was shackled during the transport and that the bus was devoid of any safety apparatus to prevent injuries or to allow him to protect himself in the event of an accident. He claims both defendants were aware that he was shackled and that the bus lacked safety features. He claims that his face, neck, and back were injured and that he now requires pain medication. He asks that he be allowed to proceed in this case against the Warden of California State Prison, Sacramento, also named as a defendant, for the purpose of conducting discovery to identify the two Doe defendants.

To state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978).

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To determine whether an Eighth Amendment violation has occurred, a court should consider the circumstances, nature and duration of a deprivation of these necessities. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (referring to necessities such as adequate shelter, food, clothing, sanitation, medical care, and personal safety). Further, plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a

substantial risk of serious harm to the plaintiff. *E.g., Farmer v. Brennan*, 511 U.S. 825, 847 (1994); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

Pursuant to § 1915A, the court has reviewed plaintiff's complaint (ECF No. 1) and finds that it states a potentially cognizable Eighth Amendment claim of deliberate indifference to plaintiff's safety against the driver, Doe defendant. *See Brown v. Fortner*, 518 F.3d 552 (8th Cir. 2008) (potential Eighth Amendment violation where officer knew that prisoner was restrained and could not secure his own seatbelt, rejected request for a seatbelt, drove recklessly, and ignored requests to slow down); *Wilbert v. Quarterman*, 647 F. Supp. 2d 760, 769 (S.D. Tex. 2009) ("Considering the different circuit court opinions, it appears that an allegation of simply being transported without a seatbelt does not, in and of itself, give rise to a constitutional claim. However, if the claim is combined with allegations that the driver was driving recklessly, this combination of factors *may* violate the Eighth Amendment."); *Brown v. Saca*, No. EDCV 09-01608-ODW, 2010 U.S. Dist. LEXIS 64964, at *9 (C.D. Cal. June 9, 2010) ("plaintiff's allegations that Saca and Crispin refused to secure his seatbelt are sufficient to state a claim under the Eighth Amendment because he has alleged that Saca and Crispin acted recklessly").

Nevertheless, plaintiff's naming of Doe defendants is problematic and requires that the complaint must be dismissed with leave to amend. Unknown persons cannot be served with process until they are identified by their real names and the court will not investigate the names and identities of unnamed defendants.[2] Here, there are no named defendants upon whom plaintiff could serve discovery requests to identify the unknown defendant.

The allegations against Doe defendant 2, who merely accompanied plaintiff during the transport, are not sufficient to state a claim of deliberate indifference. *See King v. San Joaquin County Sheriff's Dep't*, No. 04-cv1158-GEB-KJM, 2009 U.S. Dist. LEXIS 123283, at *11 (E.D. Cal. Mar. 4, 2009) ("[A] prison's or jail's failure to equip a van or bus with seatbelts for the prisoners does not rise to the level of deliberate indifference as a matter of constitutional law."), *adopted by* 2009 U.S. Dist. LEXIS 28630 (E.D. Cal. Apr. 4, 2009); *Harrington v. Bautista*, No.

---

[2] Any request for records of that information pursuant to state law must be pursued by the plaintiff.

4

1:10-cv-01802-LJO-SAB, 2014 U.S. Dist. LEXIS 1623, at *9-10 (E.D. Cal. Jan. 6, 2014) (allegations that officers, who merely assisted in transporting plaintiff, failed to demonstrate that they knew of and disregarded a substantial risk of serious harm to plaintiff).

Plaintiff also fails to plead any facts to support a cause of action against Warden Macomber, and there appears to be no basis for a claim against him. Plaintiff admits that the only reason he named the Warden as a defendant was so he would be allowed to serve the Warden with discovery requests. That is not a proper basis for naming an individual as a defendant.

For these reasons, the complaint is dismissed with leave to amend. An amended complaint must identify any doe defendants by name. If plaintiff is still unable to identify them by name, he must explain what efforts he has made, if any, to locate this information. If plaintiff believes that the Warden has information that would help plaintiff identify the doe defendants, then he must state the basis for that belief and request an opportunity to discover their identities.

Any amended complaint must cure the deficiencies identified above and also adhere to the following requirements:

Any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of a federal constitutional right. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

It must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter

/////

being treated thereafter as non-existent.'") (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

The court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in this action being dismissed. *See* E.D. Cal. Local Rule 110.

## IV. Summary of Order

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed April 23, 2015 (ECF No. 5).

3. The complaint is dismissed with leave to amend within 30 days. The amended complaint must bear the docket number assigned to this case and be titled "Third Amended Complaint." Failure to comply with this order will result in dismissal of this action for failure to prosecute.

Dated: April 28, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6