UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOANG TROUNG,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JEFF MACOMBER,<br><br>　　　　　Defendant. | No. 2:14-cv-1590-EFB P<br><br>SCREENING ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT FURTHER LEAVE TO AMEND |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] After a dismissal pursuant to 28 U.S.C. § 1915A, he has filed an amended complaint.

As plaintiff is aware, federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

/////

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

1         In dismissing the original complaint with leave to amend, the court informed plaintiff that his use of Doe defendants was problematic and required that the complaint be dismissed with leave to amend. ECF No. 7. The court explained that unknown persons cannot be served with process until they are identified by their real names and that the court would not investigate the names and identities of unnamed defendants. *Id.* The court also noted that there were no named defendants upon whom plaintiff could serve discovery requests in order to identify the unknown defendants. *Id.*

         Plaintiff has now filed an amended complaint. ECF No. 17. Once again, he lists two unnamed defendants. He also includes a request for production of documents directed to various non-parties who may or may not be able to help him ascertain the identities of the two Doe defendants. *Id.* at 44-50. Plaintiff's discovery requests and repeated inclusion of "Doe" defendants, however, do not address the deficiencies identified by the court in its original screening order. The burden remains on plaintiff to identify each defendant, as unknown persons cannot be served with process. Because there is no defendant upon whom the complaint (or any discovery request) may be served, this action cannot provide the avenue through which plaintiff ascertains the identities of the Doe defendants. Accordingly, this action must be dismissed without prejudice to re-filing against the Doe defendants if plaintiff ever learns their true names. *See Gardner v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

         Accordingly, IT IS ORDERED that this action is dismissed without prejudice and the Clerk is directed to close the case.

DATED: January 14, 2016.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2